CATHERINE A. FERGUSON, APPELLANT, V. FREDERICK I.
FERGUSON, APPELLEE.

319 N.W.2d 746

Filed May 21, 1982.   No. 44490.

William J. Dunn of Gross, Welch, Vinardi, Kauff-
man & Day, P.C., for appellant.

Richard C. Gordon of Walsh, Walentine, Miles,
Fullenkamp & O'Toole, for appellee.

Submitted without oral argument.   KRIVOSHA, C.J.,
BOSLAUGH, MCCOWN, CLINTON, WHITE, and HASTINGS,
JJ.

CLINTON, J.

This action is one for dissolution of marriage, cus-
tody of children, division of property, and alimony
for the petitioner wife.   The trial court found the
marriage was irretrievably broken and awarded
custody of the two male children of the parties, ages
7 and 4, to the wife, with specified visitation rights
granted to the husband.   It divided the property of
the parties and awarded the wife the sum of $200 per
month per child for support of the children, and ali-
mony in the amount of $150 a month for a period of
18 months.   The decree contained the following pro-
vision:   "All right, title and interest in and to the
real estate of the parties, subject to any and all ex-
isting encumbrances, taxes due, and liens, be, and
hereby is, awarded to the petitioner.   The respond-
ent be, and hereby is, awarded a lien subordinate to
all existing encumbrances, taxes due and other
liens, on said property in the amount of five thou-
sand dollars ($5,000.00) which amount shall bear in-
terest at the rate of twelve (12) percent per annum
and which sum shall be paid upon the first hap-
pening of any one of the following events:   the peti-

tioner no longer occupies the premises as a home for herself and any one of the minor children of the parties; the youngest of the minor children reaches majority, marries, becomes otherwise emancipated or dies; petitioner marries or cohabits with one not her husband; petitioner conveys legal or equitable title to another or, at such earlier time as petitioner may desire." The decree also awarded the wife the sum of $600 for the services of her attorney in the District Court. The wife has appealed and urges here: (1) She received an insufficient share of the division of property; (2) The alimony is insufficient; and (3) The award for services of her attorney is insufficient.

The parties were married May 23, 1970. The decree of dissolution was entered on May 29, 1981. The husband and wife are about the same age, both having been born in 1947. At the time the parties were married both were employed by the Nashua Corporation, the husband as a printing press operator and the wife as a secretary. A few months after the marriage the husband became employed by the Omaha Fire Department as a firefighter, and was still so employed at the time of the divorce. The wife continued to work as a secretary until the birth of the first child in 1974 and has not been employed outside the home since that time.

The main focus of the wife's argument on appeal is that the alimony award is inadequate in amount and for too short a period of time and that the $5,000 award to the husband, together with interest at 12 percent as a lien against the home of the parties, is unfair and unduly burdensome.

The husband, at the time of trial, had a gross monthly wage of $1,847.12. Monthly deductions withheld from his pay were $133.40 for federal income tax, $22.68 for state income tax, and $132.10 for contribution to a firemen's retirement pension. The wife, at the time of trial, was earning $200 to $250

per month doing babysitting in her home.

The parties purchased their present home in August of 1978 for the sum of $48,000, making a downpayment of $10,000 from the profit of the sale of their previous house. The monthly payment on the mortgage, including real estate taxes, is $425. The husband testified that the present value of the residence was $60,000. In an affidavit made in connection with the application for temporary support, and which was received in evidence at trial without objection, the wife estimated the present value of the home to be $50,000.

The parties make no complaint about the division of personal property or the part of the order pertaining to payment of existing obligations, but it is necessary to say something about these two items to complete the picture. The wife was awarded most of the household goods and a 1970 Rambler, all these items being free of liens. The husband was awarded all tools, fishing gear, painting equipment, weights, hunting equipment, a camera, certain film and photographs, a bottle collection, and a fishing boat purchased in 1978 for about $4,500. He received certain household goods which were in his possession prior to the time of the decree. He was also awarded all "right, title and interest" in his pension plan acquired through his employment with the Omaha Fire Department. This plan will afford him retirement pay at 50 percent of salary at age 55 and after 25 years of service. No other details of the retirement plan are contained in the evidence.

The husband was awarded a 1981 Subaru station wagon which he purchased about 3 weeks before trial for the sum of $8,500. At about the same time he sold a pickup truck for $2,200. The proceeds from the sale of the truck, he testified, were used to pay family debts and for taxes and insurance on the Subaru and to pay his own living expenses. The money to purchase the Subaru was borrowed from

the firemen's credit union and this increased a prior loan from the union to the husband to a total of more than $12,000. The monthly payments on the loan are $348, and this amount is deducted directly from his paycheck. The husband was directed to pay all debts contracted by the parties prior to May 28, 1971.

Both parties are in good health. The wife expects sometime in the future to find employment as a secretary.

The wife estimates the monthly living expenses for herself and her children, including the house payment, are about $950 per month. The husband estimated that his monthly living expenses would be about $735 per month. This estimate does not include the debts which he will be required to pay.

We conclude on trial de novo that the award of a judgment to the husband of the sum of $5,000 with interest at 12 percent per annum is unduly burdensome and will tend to defeat one of the principal purposes for which the home was awarded to the wife, that is, to afford the children a home until the youngest reaches his majority. The wife will either be called upon to pay the husband $600 interest annually, which she cannot afford, or permit the interest to accumulate, which would have the effect of wiping out her equity in the residence.

We accordingly modify paragraph 16 of the decree to read as follows: "16. All right, title and interest in and to the real estate of the parties, subject to any and all existing encumbrances, taxes due, and liens, be, and hereby is, awarded to the petitioner. The respondent be, and hereby is, awarded a lien subordinate to all existing encumbrances, taxes due and other liens, on said property in the amount of five thousand dollars ($5,000.00) without interest, which sum shall be paid upon the first happening of any one of the following events: the petitioner no longer occupies the premises as a home for herself and any one of the minor children of the parties; both of the

minor children reach majority, marry, become otherwise emancipated or die; petitioner conveys legal or equitable title to another; or at such earlier time as the petitioner may desire."

The portion of the decree which directed the husband to pay all debts contracted by the parties prior to May 28, 1971, contains an obvious clerical error. It is clear that the date intended was May 28, 1981. The decree is amended accordingly.

AFFIRMED AS MODIFIED.

CAPORALE, J., disqualified.